CIVIL MINUTES -- GENERAL

Case No.   **CV 16-7391-JFW (SSx)**                                Date: May 4, 2017

Title:     Mohamad Yassin AlCharihi -v- United States of America, et al.

**PRESENT:**
           **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

           Shannon Reilly                               None Present
           Courtroom Deputy                             Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                         None

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING PLAINTIFF'S PETITION FOR RELEASE OF SEIZED PROPERTY [filed 10/3/16; Docket No. 1]

On October 3, 2016, Petitioner Mohamad Yassin Alcharihi ("Petitioner") filed a Petition for Release of Seized Property ("Petition"). On February 17, 2017, Respondents United States of America, Department of Justice, and Federal Bureau of Investigation ("FBI") (collectively, the "Government") filed their Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On March 19, 2016, Special Agents of the FBI and Department of Homeland Security, Homeland Security Investigations ("HSI") executed Search and Seizure Warrant No. 16-0589M, signed by the Honorable Jacqueline Choolijian, United States Magistrate Judge, for the search of Petitioner's residence in Palmdale, California. The search warrant directed agents to seize items constituting evidence, contraband, fruits, and/or instrumentalities of violations of 18 U.S.C. § 542 (entry of goods into the United States by means of false statements), and 18 U.S.C. § 545 (smuggling goods into the United States), including but not limited to: looted and/or stolen antiquities appearing to originate from Syria and/or Turkey, including mosaics and records related to antiquities.

Pursuant to the search warrant, agents seized items that agents believed constituted evidence, contraband, fruits, and/or instrumentalities of the listed offenses, including the "2000 year old era mosaic of Hercules" (the "Mosaic") that is the subject of Petitioner's Petition. On May 17, 2016, the FBI initiated administrative forfeiture proceedings against the Mosaic by sending

Petitioner a notice of the seizure.  In response, Petitioner submitted a claim to the FBI contesting the administrative forfeiture of the Mosaic.[1]  On the second page of his administrative claim, Petitioner identified the Mosaic as a "Turkish Mosaic."  Petitioner attached a document marked as Exhibit A to the administrative claim that Petitioner represented was the invoice for the purchase of the Mosaic.  The invoice appeared to be written in Turkish and English and listed the business that sold the Mosaic to Petitioner as "Ahmet Bostanci" with an address in a province in Turkey.  The following statement in English appeared on the bottom of the invoice: "We Hereby declare and Certify that the contents covered by this receipt are all Turkish origin and has nothing to do whit [*sic*] Israel what so ever."  In addition, Petitioner submitted a copy of a Certificate of Origin as Exhibit E reflecting Turkey as the country of origin of the Mosaic.

The FBI referred Petitioner's administrative claim to the United States Attorney's Office, which had 90 days from the date of the FBI's receipt of the administrative claim to either return the property, commence a civil judicial forfeiture action against the property, or obtain an extension of the filing deadline from the district court. 18 U.S.C. § 983(a)(3)(A).  Since that time, the Honorable George H. Wu has granted three ex parte applications by the Government for extensions of the deadline for filing a civil forfeiture complaint, with a current civil forfeiture filing deadline of May 30, 2017.[2]

## II.     Legal Standard

Under 18 U. S. C. § 983(f)(1), a claimant is entitled to immediate release of seized property only if all of the five following requirements are met:

> (A) the claimant has a possessory interest in the property;
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
> (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceedings; and

---

[1] Separate from his administrative claim, Petitioner also submitted a petition for the return of property to the FBI on or about June 15, 2016.  The FBI denied that petition on or about June 23, 2016.

[2] The applications have been supported by sealed declarations of FBI Special Agent Elizabeth Rivas ("SA Rivas") that have provided the Court with confidential information regarding the ongoing investigation.  The Affidavit of SA Rivas submitted in support of the search warrant for Petitioner's residence has also been filed and remains under seal.

(E) none of the conditions set forth in paragraph (8) applies.[3]

## III. Discussion

In this case, Petitioner has failed to demonstrate that he has satisfied the requirements of Section 983. Specifically, as discussed in detail below, Petitioner has failed to satisfy Subparagraphs 983(f)(1)(C), (D), and (E), and, thus, his Petition must be denied. *U.S. v. Undetermined Amount of U.S. Currency*, 376 F.3d 260, 265 (4th Cir. 2004) (holding that it was unnecessary to determine whether the petitioners could satisfy subparagraphs (C) or (E) after concluding that they could not satisfy subparagraph (D)).

### A. Petitioner Has Failed to Satisfy 18 U.S.C. § 983(f)(1)(C).

Under Subparagraph 983(f)(1)(C), Petitioner must demonstrate that the continued possession of the seized property by the Government pending the final disposition of forfeiture proceedings will cause "substantial hardship" to him. Although Subsection 983(f) does not define "hardship," it provides examples of the types of hardship Congress deemed sufficient to justify the release of seized property: "preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless." 18 U.S.C. § 983(f)(1)(C); *U.S. v. Undetermined Amount of U.S. Currency*, 376 F.3d at 265 (using these examples as a basis to assess the petitioner's alleged hardship).

In this case, Petitioner has not presented any evidence suggesting that the Government's continued possession of the Mosaic or any of the other seized property pending the final disposition of forfeiture proceedings will result in substantial hardship to him. Although Petitioner claims that the Government's possession of the Mosaic is preventing him from "perform[ing] further restoration" and "is causing loss of goodwill and the risk of losing the interest of potential buyers of the Mosaic and other properties," neither of these claims are sufficient to demonstrate substantial hardship under Subparagraph 983(f)(1)(C).[4] Most importantly, neither claim is sufficient to outweigh the Government's interest in ensuring that smuggled antiquities are kept out of the stream of

---

[3] Paragraph (8) states:

This subsection shall not apply if the seized property—
(A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;
(B) is to be used as evidence of a violation of the law;
(C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or
(D) is likely to be used to commit additional criminal acts if returned to the claimant.

18 U.S.C. § 983(f)(8).

[4] Petitioner represents that he has two businesses -- restoring antiquities and buying, restoring, and selling cars -- and that he also works in a printing supply company as technical engineer.

commerce. Accordingly, because Petitioner has failed to demonstrate that he has satisfied Subparagraph 983(f)(1)(C), his Petition must be denied.

### B. Petitioner Has Failed to Satisfy 18 U.S.C. § 983(f)(1)(D).

Under Subparagraph 983(f)(1)(D), Petitioner must demonstrate that his "likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the [petitioner] during the pendency of the proceeding." In this case, based on Petitioner's admissions, it is clear that he intends to transfer the Mosaic, which will make it unavailable in the event that the Government files a forfeiture proceeding. Specifically, Petitioner admits that he has potential buyers for the Mosaic and intends to sell it. This admission, standing alone, is a sufficient basis for denial of the Petition.[5] *See, e.g., United States v. Various Gold, Silver and Coins*, 916 F. Supp.2d 1182, 1186 (D. Or. 2013) (holding that petition for the release of business assets pending trial must be denied where the petitioner has expressed his intent to dissipate the property to keep his business running); *United States v. 2005 Mercedes Benz E500*, 847 F. Supp.2d 1211, 1216-17 (E.D. Cal. 2012) (holding that where the property is an automobile, the risk that the vehicle will be concealed or rendered unavailable is great, making it difficult for petitioner to show that the hardship outweighs the risk); *Kaloti Wholesale, Inc. v. United States*, 525 F. Supp.2d 1067, 1070 (E.D. Wis. 2007) (holding that petitioner's admission that it would sell its seized merchandise if it were released pending trial made release under section 983(f) impossible). Accordingly, because Petitioner has failed to demonstrate that he has satisfied Subparagraph 983(f)(1)(D), his Petition must be denied.

### C. Petitioner Has Failed to Satisfy 18 U.S.C. § 983(f)(1)(E).

Under Subparagraph 983(f)(1)(E), Petitioner must demonstrate that none of the conditions set forth in Paragraph (8) applies. Paragraph (8) states that "[t]his subsection shall not apply if the seized property – (A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized; [or] (B) is to be used as evidence of a violation of the law."

In this case, both Subparagraph 8(A) and (B) apply. Although the investigation of this matter is ongoing, Assistant United States Attorney Katherine Schonbachler has stated in her declaration that the Mosaic "and other seized property that [P]etitioner seeks to recover in his [P]etition are contraband and to be used as evidence of a violation of law, and are therefore excluded from § 983(f) relief under § 983(f)(8)(A) and (B)."[6] Schonbachler Declaration [Docket No. 16-1], ¶ 3.

---

[5] Petitioner's other contentions -- that the Government's seizure infringes upon his First and Fourteenth Amendment right -- also fail to satisfy the "substantial hardship" requirement of Subsection 983(f). In addition, to the extent Petitioner seeks to challenge the constitutionality of the seizure on First or Fourteenth Amendment grounds, a petition brought pursuant to Subsection 983(f) is not the proper vehicle for asserting such claims.

[6] In addition, based on Petitioner's own description of the Mosaic as a "Turkish Mosaic," it is clear that the Mosaic fits within the scope of the search warrant, which authorized the seizure of

Accordingly, because Petitioner has failed to demonstrate that he has satisfied Subparagraph 983(f)(1)(E), his Petition must be denied.

## IV. Conclusion

For all the foregoing reasons, Petitioner's Petition is **DENIED**.

IT IS SO ORDERED.

---

items constituting evidence, contraband, fruits, and/or instrumentalities of violations of 18 U.S.C. §§ 542 and 545, including but not limited to, "looted and/or stolen antiquities appearing to originate from Syria and/or Turkey, including mosaics."